T.C. Memo. 2000-172


UNITED STATES TAX COURT


SEAN E. BATSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11063-98.                           Filed May 25, 2000.


<u>James David Leckrone</u>, for petitioner.

<u>Rebecca Dance Harris</u>, for respondent.


MEMORANDUM OPINION


COUVILLION, <u>Special Trial Judge</u>: Respondent determined a
deficiency of $2,100 in petitioner's Federal income tax for 1995.

The sole issue for decision is whether petitioner is entitled to dependency exemption deductions under section 151(c)[1] for 1995.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Old Hickory, Tennessee.

During 1995, petitioner was employed by the U.S. Postal Service. Petitioner was married to Valencia Batson (Mrs. Batson), and the couple had three children: Dominique, Brittney, and Monique. Although petitioner and Mrs. Batson were married throughout 1995, Mrs. Batson and the children moved out of the family residence at some point in 1995 and went to live with Mrs. Batson's mother.

Petitioner and Mrs. Batson filed separate Federal income tax returns for 1995. Petitioner filed his Federal income tax return as married filing separately. On his 1995 return, petitioner claimed dependency exemption deductions for Dominique, Brittney, and Monique. In the notice of deficiency, respondent disallowed the dependency exemption deductions claimed by petitioner for the three children.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.

Section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent as defined in section 152. Under section 152(a), the term "dependent" means certain individuals over half of whose support was received from the taxpayer during the taxable year in which such individuals are claimed as dependents. Eligible individuals who may be claimed as dependents include, among others, a son or daughter of the taxpayer. See sec. 152(a)(1).

Section 1.152-1(a)(2)(i), Income Tax Regs., provides that, in determining whether an individual received over half of his support from the taxpayer, "there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied." In Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971), this Court held that, in establishing that more than one-half of a dependent's support has been provided, a prerequisite to such a showing is the demonstration by competent evidence of the total amount of the dependent's support from all sources for that year. If the amount of total support is not established and cannot be reasonably inferred from competent evidence available to the Court, it is not possible to conclude that the taxpayer claiming the exemption provided more than one-half of the support of the claimed dependent.

Respondent agrees that petitioner would be entitled to all of the claimed dependency exemptions but for the fact that petitioner did not establish that he provided over one-half of the support for any of the claimed dependents during 1995 as required by section 152.  According to petitioner, Mrs. Batson and the children lived in the family home during 1995 until they moved out on November 30, 1995.  Petitioner claims that, although Mrs. Batson earned money as a substitute teacher during the first 4 months of 1995, none of the amounts Mrs. Batson earned was used to support the children.  Instead, petitioner claims he provided all of the children's support for 1995 until they moved out in November.  Further, petitioner claims the children did not receive support from any other sources during the first 11 months of 1995.  Importantly, petitioner was unable to describe with any specificity the amounts he expended on the children's behalf during 1995 and presented no documentary evidence to support his vague testimony.

Mrs. Batson and her mother, Patricia Campbell (Ms. Campbell), testified at trial with respect to the Batsons' living arrangements during 1995.  Both witnesses refuted petitioner's testimony.  Mrs. Batson and Ms. Campbell claim that Mrs. Batson and the children moved out of the family home in June 1995.  The two testified that they provided the primary means of support to the children while they lived in the family home and that

petitioner provided little support during this period.  Mrs. Batson and Ms. Campbell further claim that Ms. Campbell provided all of the children's support once they moved into her home and that petitioner provided no support to the children during that period.

Petitioner's evidence as to the support he provided and the total support provided to the three children during 1995 is wholly inadequate to establish his case.  Petitioner presented no documentary evidence to support his claims, and his testimony conflicts with that of two other witnesses.  Although the Court is satisfied that petitioner did contribute toward the support of his three children during 1995, the record does not establish the total amount expended for the children from all sources for 1995. It is evident to the Court that the children received a substantial portion of their support from Mrs. Batson and Ms. Campbell.  Moreover, the Court is unable to infer reasonably the amount petitioner contributed because of the conflicting evidence.  The Court, on this record, concludes that petitioner did not establish that he provided over one-half of the children's support during 1995.  See Blanco v. Commissioner, supra.  Accordingly, respondent determination is sustained.

Decision will be entered

for respondent.